UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

FRAZANEH JAZAYERI,
                  Plaintiff,

-against-

THE EMIRATES GROUP, EMIRATES AIRLINES,
"JOHN DOES" (1) THROUGH (10), with names
being fictious and it being the intention of the plaintiff
to name any and all names of responsible parties,

                  Defendants.
_____

**COMPLAINT**
**Jury Trial Demanded**
Case No.:

      Plaintiff, by and through her attorneys, E. Stewart Jones Hacker Murphy LLP, as and for her Complaint alleges that at all relevant times:

## PARTIES

      1.    FRAZANEH JAZAYERI ("Plaintiff") is and was an individual residing in Albany, New York and at all times mentioned herein the Plaintiff was a resident of and domiciled in New York State.

      2.    Defendant THE EMIRATES GROUP are and were an airline based in the United Arab Emirates with offices located in the State of New York.

      3.    Upon information and belief, THE EMIRATES GROUP does business as EMIRATES AIRLINES.

      4.    Upon information and belief, EMIRATES AIRLINES is a wholly owned subsidiary of THE EMITARES GROUP.

5. Upon information and belief, THE EMIRATES GROUP is owned and operated by the United Arab Emirates government.

6. EMIRATES AIRLINES and THE EMITARES GROUP are referred to collectively herein as "EMIRATES".

7. EMIRATES is registered with the New York State Secretary of State as a foreign business corporation doing business within the State of New York.

8. Defendants, "JOHN DOES 1 THROUGH 10", are fictitious names meant to identify the owner or operator of the airplane at issue and its agents servants or employees who were negligent in causing the plaintiff's accident described below.

## JURISDICTION

9. This Court has jurisdiction over this controversy pursuant to 28 U.S.C. 1332 as there is diversity of citizenship between the plaintiff and the defendant in the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and pursuant to Article 33 of the Convention for the Unification of Certain Rules for International Carriage by Air, Montréal, 28 May 1999 (the "Montréal Convention").

10. The United States of America was a signatory to the Montréal Convention at the time of the occurrence described herein.

11. The United Arab Emirates was a signatory to the Montréal Convention at the time of the occurrence described herein.

12. Both the place of departure and place of destination are situated within the territory of a party to the Montréal Convention.

13. This Court is also vested with subject matter jurisdiction under 28 U.S.C. §1331, as the transportation out of which the subject matter of this action arose was "international carriage"

within the meaning of the Montreal Convention and the rights of the parties herein are governed by the provisions of the Montreal Convention.

14. Specifically, this Court has jurisdiction under Article 33 (1) and (2) of the Montreal Convention.

15. To the extent that the Montréal Convention does not apply to plaintiff's claim, this Court has jurisdiction over this matter pursuant to Warsaw Convention as amended by the Hague protocol.

**VENUE**

16. Venue is proper in United States District Court for the Southern District of New York pursuant to 28 U.S.C. 1391 and Article 33 of the Montréal Convention as the EMIRATES operates service for the carriage of airline passengers within and has their New York executive office within the Southern District of New York.

17. At all times mentioned herein EMIRATES sold and sells airline tickets within the Southern District of the State of New York and is licensed to do business within the Southern District within the State of New York.

18. Upon information and belief EMIRATES "an organ of a foreign state" and therefore venue is also appropriate pursuant to 28 U.S.C. 1391 (f) and the Foreign Sovereign Immunities Act, 28 U.S.C. 1602 – 1611.

19. EMIRATES registered with the New York Secretary of State its primary place of business in the State as 55 E 59th St. New York, New York 10022, which is within the Southern District of New York.

20. Service of process may be accomplished on EMIRATES by serving the New York Secretary of State as statutory agent.

## JURY TRIAL

21.     Plaintiff demands a Jury Trial.

## FACTUAL ALLEGATIONS

22.     On December 27, 2018, while in Albany New York, the plaintiff purchased an e-ticket over the Internet from "CheapOair" from departing on Flight 210 December 30, 2108 from Newark Liberty Airport in New Jersey to Tehran Khomeini, Iran returning on January 14, 2019 to your Kennedy Airport in New York, with stopovers in Athens, Greece and Dubai, United Arab Emirates.

23.     A copy of plaintiff's itinerary is annexed hereto and incorporated herein as Exbibit "A".

24.     On Plaintiff December 30, 2018 Plaintiff boarded EMIRATES Flight 210 at Newark Liberty Airport in Newark, New Jersey.

25.     The airplane for Flight 210, a Boeing 777 – 300 ER Jet 200 – 345, was owned or operated by EMIRATES.

26.     While on board EMIRATES flight 210, 2 heavy bottles of alcohol fell out of an overhead compartment and landed on Plaintiff's head causing serious bodily injuries to her head, brain and neck.

27.     The aforesaid incident qualifies as an "accident" within the meaning of the applicable conventions as the same was an "unusual or unexpected event" and is referred to hereinafter as the "Accident".

28.     Plaintiff has undergone substantial medical treatment and incurred medical expenses as a result of the aforesaid Accident.

29. Plaintiff was also caused to miss an important family event in Iran due to the Accident.

30. At all times relevant herein, defendant EMIRATES is and was a common carrier for hire, owing the highest duty of care to its passengers in the operation of its flights and in the maintenance and property petition of policies and procedures for the safe transportation of passengers including but not limited to insuring adequate training, education and instruction of flight and cabin crews on procedures for proper loading and assistance of passengers with overhead bins.

31. Upon information and belief, the defendants and their agents or its employees were negligent in their operations of the aircraft and their packing, accessing, inspection and use of the overhead bin and their negligence was a proximate cause of the Accident and the plaintiff's damages as alleged herein.

32. The plaintiff was free from comparative fault.

## CAUSE OF ACTION

33. Under Article 17 of the Montreal Convention, Defendants had a duty to provide safe passage to plaintiff.

34. Defendants breached their duty and as a direct and proximate result, plaintiff suffered damages.

35. Plaintiff was involved in (1) an accident; (2) that caused bodily injury; (3) that took place on the plane or in the course of any of the operations of embarking or disembarking.

36. Thus, plaintiff is entitled to compensation for her personal injuries and economic loss pursuant to the Articles 17 and 21 of the Montréal Convention.

37. To the extent the Montréal Convention is found not to apply the plaintiff has a right of recovery for her accident related injuries and medical expenses under the Warsaw Convention as amended by the Hague Protocol.

## DAMAGES

38. As a direct and proximate result of the aforesaid accident, Plaintiff has and will suffer past and future economic loss and permanent pain and suffering and loss of enjoyment of life.

39. Defendants are strictly liable for Plaintiff's damages up to the amount of 128,821.00 Special Drawing Rights (approximately $175,0000 U.S.D.) caused by the Accident as described above without Plaintiff having to prove any type of fault or culpability on the part of the defendants.

40. To the extent that the Accident was caused by the negligence, carelessness and recklessness of the defendants or their agent's, servants or employees, plaintiff is entitled to recover $500,000 in actual damages for her personal injuries and economic loss.

## PRAYER

**WHEREFORE**, plaintiff demands a money judgment against the defendants as plead hereinabove along with interest and costs, and for such other and further relief as is just and proper.

Dated: October 22, 2020       E. STEWART JONES HACKER MURPHY LLP

By: _____
John F. Harwick, Esq.
Bar Roll No.: JFH5253
*Attorney for Plaintiff*
28 Second Street
Troy, New York 12180
Tel. No.: (518) 213-0113

EXHIBIT "A"

# Booking Confirmation

CheapOair Booking: **56047058** | hXXXXXX1@gmail.com | Booked on Thu, Dec 27, 2018

##  Flight Details

### Departing Flight

Travel Time: **25h 15m**

 **Emirates Airline**
Flight 210
Aircraft: 77W
BOEING 777-300ER JET 200-345 STD SEATS

Sun, Dec 30, 2018
Newark Liberty, New Jersey
**EWR - 11:55 pm**

1 Stop in ATH - Athens - Greece
Dubai, United Arab Emirates
**DXB - 12:20 am**
Tue, Jan 01, 2019

Airline Confirmation: **DJSB36**

1 Stop | Coach - **ECO SAVER**
Baggage Fees | Visa & Passport Info

For any changes with your flight, date, route or names call us at 1-845-848-0253 or Click here to chat

---

Connecting flight wait time ( DXB ) **7h 30m**

---

 **Emirates Airline**
Flight 971
Aircraft: 77W
BOEING 777-300ER JET 200-345 STD SEATS

Tue, Jan 01, 2019
Dubai, United Arab Emirates
**DXB - 07:50 am**

Tehran Khomeini, Iran
**IKA - 09:40 am**
Tue, Jan 01, 2019

Airline Confirmation: **DJSB36**

Nonstop | Coach - **ECO SAVER**
Baggage Fees | Visa & Passport Info

For any changes with your flight, date, route or names call us at 1-845-848-0253 or Click here to chat

✈+🛏 **Exclusive CheapOair Savings!** Add a Hotel and Save upto 35%

### Return Flight

Travel Time: **26h 00m**

 **Emirates Airline**
Flight 978
Aircraft: 77L
BOEING 777-200LR JET 285-305 STD SEATS

Mon, Jan 14, 2019
Tehran Khomeini, Iran
**IKA - 01:30 am**

Dubai, United Arab Emirates

Airline Confirmation: **DJSB36**

Nonstop | Coach - **ECO SAVER**

| | | |
|---|---|---|
| Baggage Fees \| Visa & Passport Info | **DXB - 04:05 am**<br>Mon, Jan 14, 2019 | For any changes with your flight, date, route or names call us at1-845-848-0253or Click here to chat |

Connecting flight wait time ( DXB ) **5h 5m**



| | | |
|---|---|---|
| **Emirates Airline**<br>Flight 205<br>Aircraft: 388<br>AIRBUS INDUSTRIE A380-800<br>300-474 STD SEATS<br><br>1 Stop \| Coach - **ECO SAVER**<br>Baggage Fees \| Visa & Passport Info | Mon, Jan 14, 2019<br>Dubai, United Arab Emirates<br>**DXB - 09:10 am**<br><br>1 Stop in MXP - Milan Malpensa - Italy<br>New York Kennedy, New York<br>**JFK - 07:00 pm**<br>Mon, Jan 14, 2019 | Airline Confirmation:<br>**DJSB36**<br><br><br>For any changes with your flight, date, route or names call us at1-845-848-0253or Click here to chat |

Check airline Fare Rules. Most airlines charge baggage fees, check the Baggage Fees for complete details.

# Traveler Information

Please verify traveler names below. Rules require traveler full names match exactly with their Passport or Government issued photo ID. If you need to make a name change, please call 1-866-654-5204

| | E-Ticket Number | Traveler Name | Requests | Gender |
|---|---|---|---|---|
| 1 | 1767274825412 | **Haadi Hakimi** | | **Male** |
| | | | Frequent Flyer<br>EK-507 382 945 | |
| 2 | 1767274825413 | **Farzaneh Jazayeri** | ♿ | **Female** |
| | Special Service<br>Wheelchair - Cannot Walk Up Stairs But Is Able To Walk To The Seat | | Frequent Flyer<br>EK-507 383 074 | |

**Disclaimer:** Not all flights offer free meals. Any specific request you may have will be sent to the airline(s). Please contact your airline(s) directly, prior to your departure date, to confirm what meal options may be available and if your other requests can be fulfilled.